IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY LEE HENRY, ID # 01355985, )<br>　　　　Plaintiff, ) | |
| vs. ) | No. 3:06-CV-1817-P |
| ) | ECF |
| TEXAS DEPARTMENT OF ) | |
| CRIMINAL JUSTICE., et al., ) | Referred to U.S. Magistrate Judge |
| 　　　　Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On October 3, 2006, the Court received Plaintiff's *pro se* civil complaint filed pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice ("TDCJ"), the University of Texas Medical Branch ("UTMB"), and the Corrections Corporation of America ("CCA"). (*See* Compl. at 2). Plaintiff's complaint is relatively brief: he merely alleges that after a gas attack on his wing and dorm at the Dawson State Jail where he is curren0tly incarcerated, defendants allowed him to suffer by not providing him with proper medical treatment for his asthma. (Compl. at 2-3).[1] He seeks monetary damages herein. (Compl. at 3.) No process has been issued in this case.

---

[1] While Plaintiff also refers the Court to an original complaint dated 9-25-06, (Compl. at 3) the Court has no record of such complaint filed by Plaintiff.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 against TDCJ, UTMB, and CCA for allegedly failing to provide proper medical treatment and he alleges such actions constitutes deliberate indifference. Section § 1983 provides a federal cause of action and affords redress for the

2

"deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Although plaintiff has alleged claims that fall within the scope of § 1983, Plaintiff cannot maintain a cause of action against any of the named defendants.

**A.     TDCJ**

Plaintiff sues the Texas Department of Criminal Justice for allegedly failing to provide proper medical care and allowing him to suffer in dereliction of its duty. (Compl. at 2). TDCJ, however, is protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ-ID is immune from a suit for monetary damages under the Eleventh Amendment."); *Harris v. Angelina County, Tex.*, 31 F.3d 331, 337-38 n.7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment.").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal

3

of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Nevertheless, Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-76 (2000), or, the State may waive its immunity by consenting to suit. *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 643 (5th Cir. 2001). "Additionally, the Supreme Court has for nearly a century allowed suits against state officials for prospective injunctive relief to end a continuing violation of federal law under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)." *AT&T Communications*, 238 F.3d at 643.

In this instance, plaintiff has only one viable claim for relief – monetary damages. (Compl. at 3). He seeks no prospective injunctive relief against any state officials. The State has not waived its immunity by consenting to suit. Nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that States are not persons subject to suit under § 1983, because of the Eleventh Amendment). For all of these reasons, any claim against the TDCJ would necessarily fail.

**B.     UTMB**

Similarly, UTMB is also protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. *See United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that Eleventh Amendment protects Texas Tech University and its medical branch);

*Sampson v. United States*, 73 Fed. App'x 48, 49 (5th Cir. 2003) (per curiam) (recognizing that the University of Texas Medical Branch "is immune from suit under the Eleventh Amendment"); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel*, 528 U.S. at 72-76, and the State may waive its immunity by consenting to suit, *AT&T Communications*, 238 F.3d at 643, the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will*, 491 U.S. at 71. Consequently, plaintiff may not pursue this action against UTMB. Therefore, the claims against UTMB must be dismissed.

**C.   CCA**

Plaintiff also sues Correction Corporation of America alleging that it was deliberately indifferent. (Compl. at 2). Although not explained in Plaintiff's complaint, CCA is a private corporation that operates the Dawson State Jail facility where plaintiff is currently incarcerated. *See Olivas v. Corrections Corp. of Am.*, 408 F.Supp.2d 251, 254 (N.D. Tex. 2006). Even though CCA is a private corporation, it may be liable under § 1983 for alleged constitutional injury "because the operation of a prison is a fundamental government function." *Olivas*, 408 F.Supp.2d at 254; *see also Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) ("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury.").

Based on Plaintiff's complaint, it is clear that he does not challenge a policy or custom of CCA that resulted in violation of constitutional rights, but rather, he challenges the adequacy of medical care and seeks monetary damages. (Compl. at 3). Plaintiff cannot maintain a claim against CCA under §1983 based these circumstances. *Olivas*, 408 F.Supp.2d at 255 ("the corporation must have an official custom or policy which could subject it to § 1983 liability"). As such, CCA's only potential liability would be vicarious liability for the action of prison employees. CCA, however, cannot be liable under § 1983 on a respondeat superior or vicarious liability theory. *Olivas*, 408 F.Supp.2d at 255; *see also Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Accordingly, Plaintiff's complaint against CCA should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint against defendants with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 4th day of April 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE